## IRISH BLDG & LOAN CO v WRIGHT et

Ohio Common Pleas, Hamilton Co

Decided April 14, 1937

John C. Thompson, Cincinnati, and Albert G. Muckerheide, Cincinnati, for plaintiff.

Chas. K. Pulse, Cincinnati, for A. C. Shattuck, Jr.

## OPINION

By MORROW, J.

The defendant Frank E. Wright, executed two mortgages covering certain portions of a tract of land owned by him, and the following language (in part) appears in said mortgages after the granting clause:

"Together with a perpetual right-of-way for egress and ingress to a ten foot roadway running north and south and situated four feet eastwardly on the southeast corner of Lot No. Four (4) of Charles Fleischmann's Subdivision and to the ten foot roadway running north and south along the eastern extremity of Lot No. one (1) of Charles Fleischmann's Subdivision and to a twenty (20) foot roadway running east and west along the northern extremity of lots three, two and one (3, 2 and 1) of Charles Fleischmann's Subdivision."

The lots referred to in above quotation are also part of the same tract as the mortgaged premises and adjacent thereto.

The same day the above instruments were executed defendant Wright also executed another mortgage in favor of plaintiff, which, however, was recorded two hours later than the defendant's mortgages.

The plaintiff's mortgage covered lots 1, 2, 3 and 4, already burdened with the "perpetual right of way" granted by defendant Wright to mortgagee of the previously recorded mortgages, which now are the property of defendant A. C. Shattuck, Jr.

It is uncontradicted that there was no physical, obvious road or right of way as described in defendant Shattuck's mortgages, nor was there any easement of record before the time of the execution of the Shattuck mortgages.

In his cross-petition the defendant Shattuck claims the recital of the so-called "perpetual right of way" in both of his mortgages after the granting clause entitles him to a lien on the described easement. The plaintiff claims no such easement can exist as a matter of law and desires foreclosure of his mortgage, with right to subject for payment of the same lots 1, 2, 3 and 4, free from any claim of easement.

The facts are undisputed.

The question presented, therefore, is this:

Can the owner of a fee burden one portion of his property with an easement in favor of a mortgagee when the easement is first sought to be created in the mortgage which covers another portion of the grantor's property?

In their excellent brief attorneys for plaintiff make the following claims:

(a) Two separate estates are essential to the existence of an easement. A mortgage is a mere security for a debt—not an estate in land—and the basis upon which the creation of an easement rests does not exist.

(b) Plaintiff concedes that there is one exception to this rule—the so-called "quasi-easement." He points out that

"Where the owner imposes upon one part of his estate an apparent and obvious servitude in favor of another, and at the time of severance of ownership such servitude is in use, and is reasonably necessary for the fair enjoyment of the other, then whether the severance is by voluntary alienation or by judicial proceedings, the use is continued by operation of law." Thompson on Real Property, Vol. 1, §301.

Plaintiff points out in this connection that there was no "apparent and obvious servitude" existing here and that the thing in question is a paper burden sought to be imposed by the language of a mortgage upon adjacent property of the mortgagor and in favor of the mortgagee. If the mortgage does not vest in the mortgagee an interest in the land mortgaged, plaintiff claims the attempted easement is a nullity.

Since the easement here sought to be created does not come within the exception to the rule—is not a quasi-easement—physically apparent, obvious and continuous prior to a severance of the estate, it cannot operate as an easement and should be disregarded. If the mortgage is not a severance of the estate, the same owner owns the land as before and the plaintiff mortgagee should foreclose his mortgage free of the attempted easement burden.

1. We have here a solemn contract whereby the owner of property seeks to pledge the same to another for a loan. There is nothing against public policy in his attempt to pledge an easement, together with the fee to property covered by the mortgage. The mortgages pledging the easement were executed the same day as the mortgage of the plaintiff here on property sought to be burdened thereby, but the first mortgages are entitled to priority in right because first recorded. On general principles it would seem that the mortgage contract should be carried out in accordance with its terms, which are understandable.

2. As between the mortgagor and mortgagee, there is no question that the court should endeavor to carry out the letter of the mortgage contract. It is a general rule, as stated in Jones on Mortgages, §101, which is cited with approval in Ohio, that

"Inasmuch as the mortgagor is supposed to make his own selection of terms in drawing the deed it is construed most strongly against him and in such manner as to make it valid and binding security for the mortgagee."

3. Unquestionably there are authorities in Ohio, most of which have been set up in plaintiff's brief, and to the effect in general that "a mortgage does not convey any interest in the land itself."

**Ohio Jurisprudence, Vol. 27, page 254,** states:

"The authorities differ greatly in their statements as to the nature of a mortgage in Ohio."

At common law a mortgage was regarded as a conveyance of the absolute legal title of the estate designated therein. However, in many of the states the common law doctrine of mortgages has been entirely abrogated and has given place to the purely equitable theory, according to which a mortgage is a mere lien of security for a debt, creating no title or estate in favor of the mortgagee, and giving him no right or claim to the possession of the property. However, as pointed out in the excellent opinion of the late Judge Oppenheimer in **Education Society v Huntington, 15 N.P. (N. S.) 481,** at page 489:

"There is another large class of cases in which the common law doctrine of mortgages prevails, although it is more or less extensively modified by equitable principles. Ohio follows the rule last mentioned."

Judge Oppenheimer says in this somewhat similar case to the instant case:

"It is true that a mortgage is primarily a security for the payment of a debt or the performance of some other obligation, yet it is in many of its aspects and essentials a conveyance of an estate. In other words, it is something, more than a mere

lien. It passes the property conditionally to the mortgagee giving to him the benefit of all the doctrines applicable to bona fide purchasers for value."

A number of authorities are cited in Judge Oppenheimer's opinion on this point on pages 489, 490 and 491, and his conclusions are embodied in syllabi 1 and 2, as follows:

"1. Although a mortgage upon real estate is primarily a security for the payment of a debt or the performance of some other obligation, yet it is, in addition thereto, a conveyance of the estate upon condition, giving to the mortgagee the benefit of the doctrines applicable to bona fide purchasers for value."

"2. Where an owner of a piece of property erects thereon two houses the first of which is accessible only through the second, the severance of the joint ownership by mortgage of the first will be as effective to pass the easement to the mortgagee as an absolute conveyance by deed."

See also **Buckeye State Building Co. v DeWitt, 27 N.P. (N.S.) 23.**

"A mortgage on real estate is more than a mere lien. It passes the property conditionally to the mortgagee, giving him the benefits of all the doctrines applicable to bona fide purchasers for value."

In **Campbell, Admr. v Sidwell, Exrx. et, 61 Oh St 179,** the court says: (Page 187)

"He (the mortgagee) has not only a lien upon the property, but has a conveyance of the estate by way of a pledge, and is in the position of a bona fide purchaser with a right to use the legal title for the purpose of making his security effectual."

Is it a strained construction to say that the mortgagee here has "the right to use the legal title for the purpose of making his security effectual?"

"The conveyance is made for the purpose of securing against loss one who has advanced money upon the faith of the conveyance." **Education Society v Huntington, 15 N.P. (N.S.) 491.**

As between the mortgagee Shattuck and a subsequent lien holder (the plaintiff) we hold that the legal title of the property mortgaged is for the use of the mortgagee, insofar as is necessary to insure that the "perpetual right of way" described in the

mortgage, is what it purports to be by its expressed terms of statement. In short, for the purpose of insuring that the estate described is a security in part for the debt, the mortgage is considered to include the legal title, for the use of the mortgagee, if such construction is necessary to validate such easement, and against the claim that it is a nullity because there is no severance of estate.

See also language of the court in **Holmes v Gardner, 50 Oh St 167,** on page 176, as to the nature of a mortgage and other cases cited by Judge Oppenheimer in his opinion above quoted.

A review of this law as to the nature of a mortgage, and its bearing upon the legal title to the property pledged, we will not indulge in; suffice to say that in the instant case we hold that the legal estate is involved in the grant of the mortgage estate to the extent necessary to insure that the mortgages create an easement when their language bears that construction, as above quoted.

We are holding, therefore, that notwithstanding the apparent infirmity of defendant's claim by reason of the letter of the law as to creation of easements, and the hybrid nature of mortgages in the state of Ohio, that defendant Shattuck stands substantially in this controversy as a purchaser for value, and the lien which he has includes in its terms the perpetual right of way created by the terms of his mortgages.